IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBERT S. DORSEY, | Civ. Action No. 22-431(RMB-EAP) |
| Plaintiff, | |
| v. | |
| ANNEMARIE BURNS, et al., | |
| Defendants | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court on the unopposed motion to dismiss Plaintiff's Bivens claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) by Defendants Jeremy Ardoline, David Ortiz, Lamine N'Diaye, Adam Sassaman, and Annmarie Burns (the "Individual Defendants") (Individ. Defs' Mot. to Dismiss, Dkt. No. 33.)  Plaintiff Robert S. Dorsey is a former federal inmate at the Federal Correctional Institution in Fort Dix, New Jersey, from 2019 to 2021, ("FCI Fort Dix") who filed a civil rights and Federal Tort Claims action against the United States[1] and the Individual Defendants for misrepresenting the safety of the drinking water and failing to provide safe drinking water at FCI Fort Dix.  (Compl., Dkt. No. 1.)  Plaintiff did not respond to

---

[1] The United States filed a separate motion to dismiss Plaintiff's claim under the Federal Tort Claims Act.  (Dkt. No. 36.)

Defendant's motion to dismiss his *Bivens* claims. The Court will determine the motion on the brief and record, pursuant to Federal Rule of Civil Procedure 78(b).

I. **PLAINTIFF'S *BIVENS* CLAIMS**

Plaintiff alleges that he was exposed to contaminated drinking water at FCI Fort Dix, in violation of the Eighth Amendment. (Compl. ¶¶ 2-5, Dkt. No. 1.) He seeks damages based on an implied cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff makes the following factual allegations against the Individual Defendants:

> • Jeffrey Ardoline, Food Service Administrator, "said that the menu does not have water on it" and "failed to provide safe drinking water [despite] knowing the water at [FCI] Fort Dix is contaminated with dangerous chemicals[;]"
>
> • Annemarie Burns, Assistant Food Service Administrator (retired), "misled [i]nmates [by] stating [that] the water was safe for drinking" and "failed to provide safe drinking water [despite] knowing the water at [FCI] Fort Dix is contaminated with dangerous chemicals[;]"
>
> • Adam Sassaman, Safety Administrator, "falsified claims that [the] water was safe[;]"
>
> • David Ortiz and Lamine N'Diaye, former wardens (retired), "failed to provide safe drinking water."

(*Id.* ¶ 4.) Plaintiff alleges his requests for bottled water were denied. (*Id.* ¶ 5.) He was injured by his "[c]onsumption of dangerous chemicals in the drinking water" at FCI Fort Dix, which exposed him to perfluorooctanesulfonic acid ("PFOS"), perfluorooctanoic acid ("PFOA"), and other toxins, and "[r]ender[ed] the [COVID-

19] vaccine ineffective[,]" causing him to "test[] positive" for COVID-19 three times. (*Id.* ¶ 5.)

## II.   DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

### A.   New *Bivens* Context

The Individual Defendants argue that Plaintiff's conditions of confinement claims present a new *Bivens* context, and "special factors" counsel against implying a damages remedy under the Constitution. (Individ. Defs' Mot. to Dismiss, Dkt. No. 33-1 at 10.) Alternatively, the Individual Defendants claim they are entitled to qualified immunity. (*Id.* at 23-24.)

First, the Individual Defendants contend the Court should not imply a *Bivens* remedy for Plaintiff's claims based on Supreme Court precedent. (*Id.* at 10-23.) Plaintiff's claims arise in a new *Bivens* context because the Supreme Court has recognized a *Bivens* remedy only three times since *Bivens* was decided: (1) in *Bivens* itself, which involved a Fourth Amendment claim that federal narcotics agents "manacled" a man in his home without a warrant, 403 U.S. at 389; (2) in *Davis v. Passman*, 442 U.S. 228 (1979), which involved a congressional staffer's Fifth Amendment claim of gender discrimination; and (3) in *Carlson v. Green*, 446 U.S. 14 (1980), which involved an Eighth Amendment claim of deliberate indifference to a prisoner's serious medical condition, resulting in his death. *Egbert v. Boule*, 596 U.S. 482, 490-91 (2022). (*Id.* at 10.) Any case that is "meaningfully different from th[ose] three cases" presents a "new *Bivens* context." *Egbert*, 596 U.S. at 492 (internal

quotation marks and citations omitted). (Individ. Defs' Mot. to Dismiss, Dkt. No. 33-1 at 12.)

### B. Qualified Immunity

The Individual Defendants alternatively argue they are entitled to qualified immunity on Plaintiff's *Bivens* claims. (*Id.* at 23-33.) "The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). (*Id.* at 23.) "Qualified immunity is ' 'an entitlement not to stand trial or face the other burdens of litigation.'" *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). (*Id.* at 24.) The Individual Defendants submit that Plaintiff failed to plead sufficient facts to plausibly allege a violation of a clearly established constitutional right by each of the Individual Defendants. (*Id.* at 25-33.)

## III. DISCUSSION

### A. Rule 12(b)(6) Standard of Law

Under Federal Rule of Civil Procedure 12(b)(6), courts must determine the legal sufficiency of the allegations in a complaint. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kalu v. Spaulding*, No. 23-1103, 2024 WL 3884268, at *5 (3d Cir. Aug. 21, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 662) (quoting *Twombly*, 550 U.S. at 556). Dismissal of a complaint is appropriate if, "accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, … the plaintiff is not entitled to relief under any reasonable reading of the complaint." *Id.* (quoting *McMullen v. Maple Shade Twp.*, 643 F.3d 96, 98 (3d Cir. 2011) (quotation marks and citation omitted)).

### B. Analysis

The Third Circuit Court of Appeals has recently analyzed the Supreme Court's decision in *Egbert*. The Third Circuit "read *Egbert* to require the following: unless a case is indistinguishable from *Bivens*,[2] *Davis*,[3] or *Carlson*,[4] a damages remedy may be created by Congress, but not by the courts. *Fisher v. Hollingsworth*, No. 22-2846, 2024 WL 3820969, at *5 (3d Cir. Aug. 15, 2024). For the reasons discussed below, Plaintiff's claims against the Individual Defendants are distinguishable from *Bivens*, *Davis*, and *Carlson*. Therefore, the Court will grant the Individual Defendants' motion to dismiss Plaintiff's *Bivens* claims.

Plaintiff alleges the Individual Defendants violated the Eighth Amendment by misrepresenting the safety of the drinking water at FCI Fort Dix and failing to

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).
[3] *Davis v. Passman*, 442 U.S. 228 (1979).
[4] *Carlson v. Green*, 446 U.S. 14 (1980).

provide him with safe drinking water. Plaintiff's Eighth Amendment conditions of confinement claim is distinguishable from *Bivens*, *supra* n. 2, which involved a Fourth Amendment claim of unreasonable search and seizure. Likewise, Plaintiff's claim is distinguishable from *Davis*, *supra* n. 3, which involved a Fifth Amendment discrimination claim. Furthermore, "a claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020). The Supreme Court implied a damages remedy for an Eighth Amendment claim in *Carlson*, where the plaintiff alleged prison officials failed to provide emergency medical treatment to an inmate who had chronic asthma, causing the inmate's death. The facts in *Carlson* bear little relation to Plaintiff's allegations concerning the unsafe drinking water at FCI Fort Dix causing his COVID-19 vaccine to be ineffective. Therefore, Plaintiff's claim arises in a new *Bivens* context.

No further analysis is required because the Supreme Court in *Egbert* instructed "'uncertainty' that results from extending *Bivens* to a new context 'forecloses relief.'" *Fisher v. Hollingsworth*, No. 22-2846, 2024 WL 3820969, at *5 (3d Cir. Aug. 15, 2024) (quoting *Egbert*, 596 U.S. at 493). Said differently, "'[t]he newness of [a] 'new context' ... alone require[s] dismissal.'" *Id.* (quoting *Egbert*, 596 U.S. at 493) (citations omitted in *Fisher*)). Moreover, "an administrative grievance procedure is an alternative remedy that forecloses a *Bivens* action." *Id.* at

4 (quoting *Egbert*, 596 U.S. at 497-98).  Petitioner has availed himself of the BOP's administrative remedy program.  (Comp. ¶ VII(E), Dkt. No. 1.)  Finally, in *Kalu*, the Third Circuit declined to imply a *Bivens* cause of action to a prisoner's conditions of confinement claim because the Eighth Amendment claim was "far broader in scope than that in *Carlson*."  *Kalu v. Spaulding*, No. 23-1103, 2024 WL 3884268, at *14 (3d Cir. Aug. 21, 2024).  Here, providing safe drinking water for inmates presents a claim far broader in scope than providing emergency treatment for a single inmate having an asthma attack, as in *Carlson*.  For all these reasons, the Court will decline to imply a *Bivens* cause of action in this new *Bivens* context.  It is therefore, unnecessary to address the Individual Defendants' alternative claim for qualified immunity.

### III.     CONCLUSION

The Court will grant the Individual Defendants' motion to dismiss Plaintiff's *Bivens* claim.

An appropriate Order follows.


Date:  August 28, 2024             s/Reneé Marie Bumb
                                   Chief United States District Judge
                                   USDC, District of New Jersey