IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ROBERT S. DORSEY, | : | Civ. Action No. 22-431 (RMB-EAP) |
| Plaintiff | : |  |
| v. | : | **OPINION** |
| ANNEMARIE BURNS, et al., | : |  |
| Defendants | : |  |

RENÉE MARIE BUMB, Chief United States District Judge

Plaintiff Robert S. Dorsey is a former federal inmate who was incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") from 2019 to 2021. He filed this action against the United States of America and Federal Bureau of Prisons ("BOP")[1] for misrepresenting the safety of the drinking water and failing to provide safe drinking water at FCI Fort Dix. (Compl., Dkt. No. 1.) This matter comes before the Court on the unopposed motion to dismiss by Defendants, the United States of America and Federal Bureau of Prisons, unopposed motion to dismiss Plaintiff's claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2871 *et seq.* ("FTCA"), for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 36). The Court will determine the

---

[1] Plaintiff also alleged *Bivens* claims against several FCI Fort Dix employees (the "Individual Defendants"). By Order dated August 28, 2024 (Dkt. No. 38), this Court granted the Individual Defendants' motion to dismiss the *Bivens* claims

motion on the brief and record, pursuant to Federal Rule of Civil Procedure 78(b).

I.   FTCA CLAIMS IN THE COMPLAINT

Plaintiff alleges the following facts in support of his FTCA claims against the United States of America (the "Government") and the BOP.  Plaintiff was incarcerated in FCI Fort Dix from November 2019 until June 2021.  (Compl., Dkt. No. 1 at 4-5.)

> The B.O.P. failed to provide clean and safe drinking water. The Bureau of Prisons' employees knowingly or intentionally mislead [sic] information stating the water was safe for drinking. Inmate request several times to replace with bottled water. The NJEPA filed a suit of the Safe Drinking Water Act and Clean Water. B.O.P. was aware of the dangerous chemicals & exposure to safety and health of Inmates and negligent when they failed to protect us from.

(*Id.* at 5.) Plaintiff does not identify the specific lawsuit, but the Government believes that Plaintiff is referring to *NJDEP v. United States*, 2:21-cv-00146-RMG (D.S.C.) (Compl., Dkt. No. 1, ¶ 56) (D.S.C.) ("*NJDEP*")[2] (Mot. to Dismiss, Dkt. No. 36-1 at 17, n. 3.)  Consistent with the complaint in *NJDEP*, the Court liberally construes the pro se complaint here to allege the drinking water at FCI Fort Dix did not comply with the federal and state of New Jersey Safe Drinking Water Acts, 42 U.S.C. § 300i and N.J.S.A. § 58:12A-6, because the water was contaminated with perfluorooctane sulfonic acid ("PFOs") and perfluorooctanoic acid ("PFAs") from "the discharge, disposal, and failure to contain or address contaminants discharged at facilities

---

[2] Available at Public Access to Court Electronic Records, www.pacer.gov.

2

located in the State of New Jersey owned and/or operated by the United States. *NJDEP* (Dkt. No. 1, ¶ 2.)

Plaintiff specifically alleged Ms. Burns, an employee in the Food Service Department, misled inmates by stating the water was safe for drinking. (*Id.* at 4.) Mr. Adeoline, Food Service Administrator, said "the menu does not have water on it." (*Id.*) Burns and Adeoline failed to provide safe drinking water, knowing it was contaminated with dangerous chemicals. (*Id.*) Furthermore, Wardens David Ortiz and Lamine N'Diaye failed to provide safe drinking water at FCI Fort Dix. (*Id.*) Safety Officer Sassman falsified claims that the water was safe. (*Id.* at 4, 12.) Plaintiff alleges all BOP and government employees were negligent by failing to protect the health and safety of inmates. (*Id.* at 4.) The water at FCI Fort Dix was not compliant with the "Safe Drinks Water Act" and "Clean Water Act" during Plaintiff's term of imprisonment. (Compl., Dkt. No. 5.) Plaintiff further alleged that he exhausted his administrative remedies within FCI Fort Dix, and the response he received was that the drinking water was safe. (*Id.* at 7.)

Plaintiff described his injuries, "consumption of dangerous chemicals in the drinking water[,] exposure from PFOS, PFOA & other toxins. [T]he toxins can cause immune-compromised illnesses[,] COVID-19 in which Inmate [Plaintiff] tested positive 3xs. Renders the vaccine ineffective when high levels of toxins is consumed." (*Id.* at 5.)

## II.   RULE 12(b)(1) MOTION TO DISMISS

3

Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The Government's first two arguments contest jurisdiction based on the sufficiency of the pleadings, a facial attack. (Mot. to Dismiss, Dkt. No. 36-1 at 13-18.) A plaintiff has "the burden to—at minimum—plausibly allege facts supporting each prerequisite for subject matter jurisdiction under the FTCA." *DeMolick v. United States*, No. 22-1973, 2023 WL 3562979, at *2 (3d Cir. May 19, 2023).

Analysis of a facial attack on jurisdiction requires three steps. *In re Schering Plough Corp. Intron Temodar Consumer Class Action*, 678 F.3d 235, 243–44 (3d Cir. 2012). Courts must: (1) determine the elements of the claim; (2) identify allegations that "because they are no more than conclusions, are not entitled to the assumption of truth[;]" and (3) assume the veracity of well-pleaded factual allegations and determine "whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128, 130 (3d Cir. 2010) (cleaned up)).

The Government's alternative argument in support of its motion to dismiss is a factual attack on FTCA jurisdiction by submitting publicly available government reports on water quality, showing the drinking water at FCI Fort Dix during the relevant time period met federal and state standards for safe consumption. (Mot. to Dismiss, Dkt. No. 36-1 at 18-21.) Unlike a facial attack, in a factual attack on jurisdiction under Rule 12(b)(1), courts do not presume a plaintiff's allegations to be

4

true, the burden is on the plaintiff to prove jurisdiction, and courts may make factual findings from extrinsic evidence to determine jurisdiction. *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008), as amended (Sept. 29, 2008). "[W]hen faced with a jurisdictional issue that is intertwined with the merits of a claim, district courts must demand less in the way of jurisdictional proof than would be appropriate at a trial stage." *Id.* at 144 (cleaned up).

### III. DISCUSSION

#### A. The United States of America is the sole proper defendant to an FTCA Claim.

The Government seeks dismissal of the FTCA claims against the Federal Bureau of Prisons. (Govt's Motion to Dismiss, Dkt. No. 36-1 at 6 n. 1.) "The Government is the only proper defendant in a case brought under the FTCA." *CNA*, 535 F.3d at 138 n. 2. Therefore, the Court will dismiss the FTCA claims against the Federal Bureau of Prisons with prejudice.

#### B. FTCA Jurisdiction

"[T]he FTCA 'allows plaintiffs to bring claims [against the United States] based on the action[s] of Government employees when private persons engaging in analogous behavior would be liable under state law.'" *McCrudden v. United States*, 763 F. App'x 142, 146 (3d Cir. 2019) (quoting *CNA*, 535 F.3d at 138)). There are "six threshold requirements that a plaintiff's claim must satisfy to confer jurisdiction" under the FTCA. *CNA*, 535 F.3d at 141; 28 U.S.C. § 1346(b)(1). An FTCA claim must be: "[1] against the United States, [2] for money damages, . . . [3] for injury or

loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)).

### C. The FTCA's "Misrepresentation Exception" Bars Plaintiff's Claims Arising Out of Misrepresentation.

The Government seeks dismissal of Plaintiff's negligent misrepresentation claims under the FTCA's misrepresentation exception. (Mot. to Dismiss, Dkt. No. 36-1 at 13-16.) The FTCA expressly bars actions arising out of misrepresentations by government employees. 28 U.S.C. § 2680(h). "The essence of an action for misrepresentation or deceit, for the purposes of § 2680(h), is a communication of misinformation upon which the recipient relies." *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995) (citing *v. Neal*, 460 U.S. 289, 296–97 (1983)); *United States v. Neustadt,* 366 U.S. 696, 702 (1961).

Plaintiff alleges that FCI Fort Dix employees negligently misrepresented that the drinking water at FCI Fort Dix was safe for consumption during his incarceration. Underlying this claim is that Plaintiff relied on these representations and was harmed by drinking contaminated water. This claim is barred by the FTCA misrepresentation exception, the essence of which involves a plaintiff's reliance on misinformation communicated to him. *Beneficial Consumer Disc. Co.*, 47 F.3d at 96.

The claim will be dismissed for lack of jurisdiction. This does not end the analysis because the Court also construes Plaintiff to allege government employees breached their duty to provide inmates at FCI Fort Dix with safe drinking water. "[I]f the government's negligence in communicating information is not essential to [a] negligence claim" a court may have jurisdiction. *JM Mech. Corp. v. U.S. by U.S. Dep't of Hous. & Urb. Dev.*, 716 F.2d 190, 194–95 (3d Cir. 1983). Misrepresentation of the safety of the drinking water provided to Plaintiff at FCI Fort Dix is not essential to a claim that government employees failed to provide Plaintiff safe drinking water at FCI Fort Dix. Therefore, the Court will address the Government's additional arguments in support of the motion to dismiss.

> D. **Upon Facial Attack of Jurisdiction, Plaintiff States a Plausible Negligence Claim for Failing to Provide Safe Drinking Water**

The Government contends Plaintiff's allegation that he was provided unsafe drinking water at FCI Fort Dix is conclusory and implausible and, therefore, fails to establish jurisdiction over his negligence claim. (Mot. to Dismiss, Dkt. No. 36-1 at 16-17.) The elements of a negligence claim under New Jersey law are duty, breach of duty, causation and damages. *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 410 (3d Cir. 2021). Plaintiff alleges the Government had a duty to provide him safe drinking water at FCI Fort Dix, the Government breached its duty by providing contaminated water that was not compliant with federal and state legislation, Plaintiff suffered an injury to his immune system from drinking the contaminated water, and Plaintiff suffered physical and emotional damages. These are factual

7

allegations the Court must accept as true at the motion to dismiss stage, even if the allegations seem doubtful. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable"). The Court proceeds to the Government's factual attack on FTCA jurisdiction.

### E. Upon Factual Attack of Jurisdiction, Plaintiff Fails to State a Plausible Negligence Claim for Failing to Provide Safe Drinking Water

In a factual attack on Plaintiff's allegation that the Government breached its duty to provide Plaintiff with safe drinking water, the Government submitted publicly available government reports on water quality.[3] (Mot. to Dismiss, Dkt. No. 36-1 at 19-20; Exhibits to Declaration of Corrie Dobovich, Dkt. No. 33-2.) These Annual Water Consumer Confidence Reports ("CCR"), are "federally-mandated document[s] summarizing annual drinking water testing results for public water systems registered with" the State of New Jersey. *See supra* n. 3. The reports ""include[] system information and water monitoring results for biological, organic, inorganic, and radioactive substances in the water supply" and "examin[e] if these substances exceed federal or state limits[.]" *Id.*

---

[3] See Joint Base McGuire-Dix-Lakehurst, JB Officials Release Annual Drinking Water Consumer Confidence Reports (June 28, 2023), available at https://www.jbmdl.jb.mil/News/Press-Releases/Article/3443184/jb-officials-release-annual-drinking-water-consumerconfidence-reports/
 (last visited November 4, 2024).

In 2019, 2020 and 2021, the water system for Joint Base McGuire-Dix-Lakehurst, upon which FCI Fort Dix is located,[4] "met all U.S. Environmental Protection Agency (EPA) and New Jersey Department of Environmental Protection (NJDEP) drinking water health standards." *See* Declaration of Corrie Dobovich, Ex. 3 at 1 (Dkt. No. 33-2 at 18), (2019 Annual Water CCR); Ex. 4 at 1 (Dkt. No. 33-2 at 31) (2020 Annual Water CCR); Ex. 5 at 1 (Dkt. No. 33-2 at 44) (2021 Annual Water CCR).[5] These reports, which address PFOs and PFAs, contradict Plaintiff's allegation that the drinking water at FCI Fort Dix was not in compliance with federal and state legislation governing safe drinking water standards. These Annual Water CCRs discredit Plaintiff's allegation of unsafe drinking water. Without any remaining factual allegations to support the Government's breach of its duty to provide Plaintiff safe drinking water, the Court lacks jurisdiction over Plaintiff's negligence claim under the FTCA. The Court will dismiss this claim without prejudice.

### IV.    CONCLUSION

The Court will grant Defendant's Rule 12(b)(1) motion to dismiss Plaintiff's FTCA claims for lack of subject matter jurisdiction. The claims against the Federal

---

[4] See Federal Bureau of Prisons, FCI Fort Dix, available at https://www.bop.gov/locations/institutions/ftd/index.jsp (last visited November 4, 2024).

[5] The 2018–2022 Annual Water Consumer Confidence Reports for the Dix Drinking Water System on Joint Base McGuire-Dix-Lakehurst are available at https://www.jbmdl.jb.mil/About-Us/About-Us/Environmental-Publications/Consumer-Confidence-Report/ [by searching "Consumer Confidence Reports] (last visited November 4, 2024).

Bureau of Prisons will be dismissed with prejudice. Dismissal of the negligent misrepresentation claim against the Government will be with prejudice and dismissal of the negligence claims against the Government will be without prejudice.

An appropriate Order follows.

Date: November 12, 2024              s/Renée Marie Bumb
                                     Chief United States District Judge
                                     United States District Court, District of New Jersey